WATKINS, Judge.
This is a suit brought by the plaintiff, George D. Gibbs, seeking to recover damages for the injuries he sustained in the crash of a plane owned by defendant, State of Louisiana, and piloted by its employee, defendant, Allen Sheets. The trial court found for the plaintiff awarding him $65,-000 for general damages and $10,906.38 for medical expenses. Plaintiff brings this appeal seeking an increase in the amount of general damages awarded. Additionally, he contends that it was error for the trial court not to allow him recovery for the loss of wages, both past and future.
GENERAL DAMAGES AWARD
As a result of this accident, which occurred on September 24, 1982, George Gibbs suffered mostly deep second degree burns over approximately twenty-three per cent of his body. He was initially hospitalized in Midland, Texas, the site of the accident, for one week and then transferred to Huey P. Long Memorial Hospital in Pine-ville, Louisiana, where he remained hospitalized for three more weeks until his discharge on October 25, 1982. During his *448 stay at these facilities, plaintiffs burns were treated with medication and whirlpool debridement procedures. Plaintiff was discharged without any skin grafts having been performed and a prognosis of full healing of the bums. Plaintiff also suffered as a result of the crash the aggravation of a preexisting fracture of his right wrist.
In addition to the physical injuries he sustained, Gibbs also suffered from a psychological condition diagnosed as post-traumatic stress disorder. Plaintiff underwent psychiatric treatment for almost a year, although at the time of trial he was no longer under psychiatric care.
The trial judge awarded plaintiff $65,000 in general damages. Much discretion is given to the trial court in determining the proper amount of damages to be awarded. Only when a showing has been made that this discretion has been abused will an appellate court make an appropriate adjustment. After a thorough review of the record in this case, especially the reports and depositions of the plaintiffs treating physicians, we find no abuse of discretion in the award of general damages to George Gibbs. Thus, the judgment of the trial court as to general damages will be affirmed.
LOSS OF WAGES
Although evidence was introduced by the plaintiff on his loss of wages claims, the judgment of the trial court made awards solely for general damages and medical expenses. Implicit therefore in the trial judge’s awards is the fact that he did not consider the plaintiff to be entitled to recovery for any loss of wages which he may or will incur.

Past Wages

Plaintiff claims that it was error for the trial court not to award him a sum for the loss of wages from the date of the accident, September 24,1982, to the date of the trial, December 3, 1984. Specifically, he alleges the sum owed for past wages is $15,276, the figure arrived at by plaintiffs expert economist, Dr. Jan Duggar.
We must note that plaintiff offered no proof of employment at the time of the accident. Thus, any award made for the past loss of wages for this period of time would be based upon mere speculation. In fact, at the time of the accident, plaintiff was being extradited from California to Louisiana for a parole violation on an assault conviction with the possibility that he would be serving the prison sentence previously suspended. We find no error in the court not awarding a sum for past loss wages.

Future Wages

It is the plaintiff’s burden of proving that his disability will cause him a lack of income. Cutchall v. Great American Pump Company, 460 So.2d 1106, 1115 (La.App. 2d Cir.1984). A number of factors must be analyzed in determining loss of future income, including the plaintiff’s physical condition before and after his injury; his past work record and the consistency thereof; the amount plaintiff probably would have earned absent the injury complained of; and the probability he would have continued to earn wages over the balance of his working life. Morgan v. Willis-Knigkton Medical Center, 456 So.2d 650, 658 (La.App. 2d Cir.1984); Viator v. Gilbert, 253 La. 81, 216 So.2d 821 (1968).
Mr. Gibbs had a spotty employment record. He testified that his employment history consisted mainly of jobs paying the minimum hourly wage. Although no specific dates of employment were given, he testified that his employment experience involved general labor jobs such as a filling station attendant, automobile mechanic, and truck driver. The evidence is also devoid of any showing that Mr. Gibbs was employed at the time of the accident. No record of wages earned for any job which he may have held was introduced into evidence.
Dr. Jan Duggar, plaintiff’s expert economist, hypothesized that the future loss of wages plaintiff would be entitled to totalled $143,069. This figure was arrived at by *449 Dr. Duggar using a work life expectancy of 26.7 years based upon plaintiff’s age at the time of trial, 33; using the minimum hourly wage as his rate of earnings for a forty hour work week (increasing that figure by six per cent annually); and incorporating an eight per cent discount factor to arrive at a present value computation. Of course, Dr. Duggar had no actual wage figure upon which to base his conclusions, but merely calculated his results upon plaintiffs history of minimum wage employment.
In regard to plaintiff’s physical condition before and after this accident, there were differing opinions as to any redundant disabilities Gibbs may suffer due to this accident. Dr. Cole, his main treating physician while he was hospitalized in Pine-ville, stated that he expected a 100% recovery from the burns plaintiff sustained. Several physicians noted the presence of contractures of the bums on plaintiff’s elbows limiting the range of motion in his arms. However, the medical report attached to the deposition of Dr. Selcuk Sozen, a plastic surgeon who examined plaintiff just one month prior to trial, stated:
The range of motion of the ... elbow is complete on the right side.... There is no contracture of the bum scars. Examination of the left upper extremity indicated the patient has a full range of motion....
The patient does not require any further surgery for the bum scars of ... the upper extremities.... These are all permanent but present no functional deformity.
Based on these conclusive findings, we are unable to find that plaintiff will suffer any loss in the use of his arms and elbows in performing employment tasks.
The other physical injury which the plaintiff suffered in this accident was the aggravation of an old fracture of his right wrist. Plaintiff landed on his handcuffed wrists when he hurriedly exited through the window of the burning plane. Dr. Beurlot, an orthopedic surgeon who treated the plaintiff on several occasions, felt that the wrist problem caused the plaintiff to suffer, prior to any surgery being performed, a ten to fifteen per cent permanent partial impairment. Dr. Sozen opined that with surgery, the plaintiff's disability would be lessened. The evidence shows that this fracture was sustained some six to seven years prior to this accident in 1982. Plaintiff testified that it had not previously hampered his ability to perform any employment. The prognosis for his recovery after surgery is uncertain but the loss of full use of this wrist will no doubt have some effect on his ability to seek employment to which he is suited at least for a short time after the surgery.
As to the mental injury which Gibbs suffered, we note that Dr. Ourso, his psychiatrist, was skeptical as to the plaintiff’s ability to remain employed. We also are aware of the fact that at the time of trial plaintiff was not undergoing any treatment for his mental condition. However, the evidence does preponderate that the plaintiff’s ability to function in a normal work environment will be affected by this accident due to the post-traumatic stress disorder from which he suffers.
Awards for loss of future income are inherently speculative, and are intrinsically unsusceptible of being calculated with mathematic certainty. Thus, the courts must exercise sound judicial discretion in determining these awards, and render awards which are consistent with the record and which work an injustice on neither party. Morgan, supra at 658.
After careful consideration of the evidence presented, we feel an award of $10,-000 will adequately compensate Mr. Gibbs for the diminution in his earning capacity caused by this accident. Accordingly, since the judgment of the trial court is silent as to such an award, we will reverse and render as to this item of damages to reflect this Court’s judgment.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.